■ SAMUEL GILBERT et al., as Stockholders of Glen Alden Corporation, Suing on Behalf of Themselves and All Other Stockholders of Said Corporation, Respondents, v. FRANCIS O. CASE et al., Appellants, et al., Defendants.— In a derivative action by stockholders of Glen Alden Corporation for damages for alleged wrongdoing by the corporation's board of directors, and for an injunction, the defendants Case and the corporation (which is named a defendant) appeal from an order of the Supreme Court, Kings County, dated March 14, 1960, which grants plaintiffs' motion to examine them before trial and to direct them to produce upon the examination certain corporate papers and records. The corporate defendant is a Pennsylvania corporation which does business in the State of New York. Its answer to the extant fourth amended complaint states that it neither confirms nor denies the allegations of said amended complaint. As to the individual defendant Case, it is undisputed that he was the president and a director of the corporation at the time of the challenged transactions and that it was he who primarily arranged and handled them. It also appears that he is a resident of Arizona but is presently sojourning out of the country. The order directs that his examination be deferred until after it is determined that he has returned to this country. On the argument of the appeal counsel for the respective parties stipulated that as to him the order may be modified so as to require him to appear for examination one week prior to the trial of the action. Order modified: (a) by striking out from the second ordering paragraph the provision as to the time when the examination of the corporation is to be held, and substituting therefor a provision directing that the corporation appear for examination, by a person or persons familiar with the facts, upon 30 days' advance written notice or at any other time mutually fixed; and (2) by striking out from the fourth ordering paragraph the provision as to the time when the examination of the defendant Case is to be held, and substituting therefor provisions: (a) directing that his examination be held one week prior to the trial of the action; (b) directing that his examination be held at Special Term, Part II, Supreme Court, Kings County, at the Supreme Courthouse, in the Civic Centre, Brooklyn, New York; and (c) directing that plaintiffs shall give his attorneys at least five days' advance written notice fixing the specific date and hour for his examination. As so modified, order affirmed, without costs. Since a stockholders' derivative action is brought in behalf of the corporation, and since

the corporation in this action has not denied the allegations of the complaint, the corporation is not generally regarded as a party adverse to plaintiffs. While it is not an adverse party, nevertheless, plaintiffs should not be denied an examination of the corporation (*Chance* v. *Guaranty Trust Co. of N. Y.*, 256 App. Div. 841). In the light of the particular facts and circumstances disclosed in this record, it does not appear that it would be unduly burdensome to require the attendance in this jurisdiction, at examinations before trial, of the corporate officers having knowledge of the transactions and of the defendant Case, and to require the production upon such examinations of the books and records specified in the order. Kleinfeld, Christ, Pette and Brennan, JJ., concur; Beldock, Acting P. J., not voting.